Jura C. Zibas  (SBN 217864)
Email: Jura.Zibas@wilsonelser.com
Francis Torrence (SBN 154653)
Email:  Francis.Torrence@wilsonelser.com
**WILSON, ELSER, MOSKOWITZ,
    EDELMAN & DICKER LLP**
525 Market Street, 17th Floor
San Francisco, California 94105
Telephone:     (415) 433-0990
Facsimile:      (415) 434-1370

Attorneys for Defendant
CAITLIN WILSON DESIGN

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT

| | |
|---|---|
| HASTENS SANGAR AB, | Case No.:5:20-cv-00280-EJD |
| Plaintiff, | **DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS** |
| v. | |
| CAITLIN WILSON DESIGN, LLC, | |
| Defendant. | |

Defendant CAITLIN WILSON DESIGN, LLC ("Caitlin" or "Defendant"), by and through its attorneys, Wilson Elser Moskowitz Edelman & Dicker, LLP, hereby answer and respond to the allegations in the First Amended Complaint ("Complaint") (DE 24) of Plaintiff Hästens Sängar AB ("Hästens" or "Plaintiff") in the above action as follows:

1.      Answering paragraph 1 of the Complaint, Caitlin admits that Plaintiff purports to bring an action for trademark infringement, counterfeiting, and false designation of origin under the Lanham Act, and for unfair competition and trademark infringement under California law, but Caitlin denies any liability under any theory offered by Plaintiff.

### ANSWERING "JURISDICTION AND VENUE"

2.      Caitlin states that the allegations contained in paragraph 2 of the Complaint set forth legal conclusions to which no response is required, but to the extent a response may be

1  deemed required, admits that the Complaint purports to set forth claims under the Lanham Act,

2  and Defendant refers all questions of law to this Court.

3      3.      Caitlin states that the allegations contained in paragraph 3 of the Complaint set

4  forth legal conclusions to which no response is required, and Defendant refers all questions of

5  law to this Honorable Court.  To the extent a response is deemed required, Defendant denies the

6  allegations contained in paragraph 3 of the Complaint as phrased.

7      4.      Caitlin states that the allegations contained in paragraph 4 of the Complaint set

8  forth legal conclusions to which no response is required, and Defendant refers all questions of

9  law to this Court.  To the extent a response is deemed required, Defendant denies the allegations

10  contained in paragraph 4 of the Complaint.

11          **ANSWERING "INTRADISTRICT ASSIGNMENT"**

12      5.      Caitlin denies the allegations of paragraph 5 of the Complaint.

13              **ANSWERING "THE PARTIES"**

14      6.      Caitlin lacks knowledge or information sufficient to form a belief as to the truth of

15  the allegations contained in paragraph 6 of the Complaint, and on that basis denies the

16  allegations contained therein.

17      7.      In response to paragraph 7 of the Complaint, Caitlin admits that it was previously

18  incorporated as an Oregon limited liability company, but states that it is currently a Texas limited

19  liability company with a registered office at 6508 Colleyville Blvd., Suite 300, Colleyville,

20  Texas 76034.  Caitlin further admits that it maintains a place of business and showroom located

21  at 2923 North Henderson Avenue, Dallas, Texas, but denies that Defendant has a showroom in

22  San Francisco, California.  Caitlin further denies that it currently has an agent for service of

23  process in this judicial district.  Except as expressly admitted, Defendant denies all other

24  allegations contained in paragraph 7 of the Complaint.

25          **ANSWERING "FACTUAL BACKGROUND"**

26      8.      Caitlin lacks knowledge or information sufficient to form a belief as to the truth of

27  the allegations contained in paragraph 8 of the Complaint, and on that basis denies the

28  allegations contained therein.

9. Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 9 of the Complaint, and on that basis denies the allegations contained therein.

10. Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 10 of the Complaint, and on that basis denies the allegations contained therein and refers to the trademark registrations, applications, and prosecution histories referenced for the contents thereof.

11. Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 11 of the Complaint, and on that basis denies the allegations contained therein and refers to the documents referenced for the contents thereof.

12. Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 12 of the Complaint, and on that basis denies the allegations contained therein and refers to the documents referenced for the contents thereof.

13. Paragraph 13 of the Complaint does not contain any factual allegations that require a response.

14. Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 14 of the Complaint, and on that basis denies the allegations contained therein.

15. In response to paragraph 15 of the Complaint, Caitlin admits that it is a textile, furniture and home good and décor retailer founded by Caitlin Wilson in 2007.

16. In response to paragraph 16 of the Complaint, Caitlin admits that it primarily sells its products in the United State via its website https://caitlinwilson.com/, but denies the other allegations contained in paragraph 16 of the Complaint as phrased.

17. Caitlin denies the allegations contained in paragraph 17 of the Complaint.

18. In response to paragraph 18 of the Complaint, Caitlin admits that it has not obtained any licenses or permissions from Plaintiff, but denies that Caitlin has engaged in any unauthorized use or infringement.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

19.     In response to paragraph 19 of the Complaint, Caitlin admits that Plaintiff sent a letter to Defendant regarding Plaintiff's purported rights on or about January 10, 2018, and refers to the document referenced for the contents thereof.  Except as expressly admitted, Caitlin denies the allegation contained in paragraph 19 of the Complaint.

20.     In response to paragraph 20 of the Complaint, Caitlin admits that Caitlin responded to Plaintiff's January 10, 2018 letter on or about January 30, 2018, and refers to the document referenced for the contents thereof.  Except as expressly admitted, Caitlin denies the allegation contained in paragraph 20 of the Complaint.

21.     Caitlin denies the allegations contained in paragraph 21 of the Complaint.

22.     Caitlin denies the allegations contained in paragraph 22 of the Complaint.

23.     Caitlin lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in paragraph 23 of the Complaint, and on that basis denies the allegations contained therein.

24.     In response to paragraph 24 of the Complaint, Caitlin denies its products are infringing as to the '250 Registration or the '053 Registration, or Plaintiff's other registrations. With respect to the constructive first date of use claimed by Plaintiff in paragraph 24 of the Complaint, Caitlin lacks knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis denies the allegations contained therein.

25.     Caitlin denies the allegations contained in paragraph 25 of the Complaint.

26.     Caitlin denies the allegations contained in paragraph 26 of the Complaint.

27.     Caitlin denies the allegations contained in paragraph 27 of the Complaint.

**ANSWERING "COUNT I"**

28.     Caitlin denies the allegations contained paragraph 28 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 27 above as if fully set forth herein.

29.     Caitlin denies the allegations contained in paragraph 29 of the Complaint.

30.     Caitlin denies the allegations contained in paragraph 30 of the Complaint.

31.     Caitlin denies the allegations contained in paragraph 31 of the Complaint.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

32.     Caitlin denies the allegations contained in paragraph 32 of the Complaint.

33.     Caitlin denies the allegations contained in paragraph 33 of the Complaint.

34.     Caitlin denies the allegations contained in paragraph 34 of the Complaint.

35.     Caitlin denies the allegations contained in paragraph 35 of the Complaint.

**ANSWERING "COUNT II"**

36.     Caitlin denies the allegations contained paragraph 36 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 35 above as if fully set forth herein.

37.     Caitlin denies the allegations contained in paragraph 37 of the Complaint.

38.     Caitlin denies the allegations contained in paragraph 38 of the Complaint.

39.     Caitlin denies the allegations contained in paragraph 39 of the Complaint.

40.     Caitlin denies the allegations contained in paragraph 40 of the Complaint.

41.     Caitlin denies the allegations contained in paragraph 41 of the Complaint.

42.     Caitlin denies the allegations contained in paragraph 42 of the Complaint.

43.     Caitlin denies the allegations contained in paragraph 43 of the Complaint.

**ANSWERING "COUNT III"**

44.     Caitlin denies the allegations contained paragraph 44 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 43 above as if fully set forth herein.

45.     Caitlin denies the allegations contained in paragraph 45 of the Complaint.

46.     Caitlin denies the allegations contained in paragraph 46 of the Complaint.

47.     Caitlin denies the allegations contained in paragraph 47 of the Complaint.

**ANSWERING "COUNT IV"**

48.     Caitlin denies the allegations contained paragraph 48 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 47 above as if fully set forth herein.

49.     Caitlin denies the allegations contained in paragraph 49 of the Complaint.

50.     Caitlin denies the allegations contained in paragraph 50 of the Complaint.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

## ANSWERING "COUNT V"

51.    Caitlin denies the allegations contained paragraph 51 of the Complaint, and repeats and incorporates the answers and allegations set forth at paragraphs 1 through 50 above as if fully set forth herein.

52.    Caitlin denies the allegations contained in paragraph 52 of the Complaint.

53.    Caitlin denies the allegations contained in paragraph 53 of the Complaint.

54.    Caitlin denies the allegations contained in paragraph 54 of the Complaint.

55.    Caitlin denies the allegations contained in paragraph 55 of the Complaint.

## ANSWERING "PRAYER FOR RELIEF"

The Prayer for Relief requires no response.  To the extent any response is deemed required, Defendant denies that Plaintiff should be granted any of the relief requested in paragraphs i. through viii.

## AFFIRMATIVE DEFENSES

## FIRST AFFIRMATIVE DEFENSE

(Failure to State a Claim)

Plaintiff fails to state a claim upon which relief may be granted.

## SECOND AFFIRMATIVE DEFENSE

(Acquiescence)

Plaintiff's claims are barred by the doctrine of acquiescence. Plaintiff has alleged priority dates for its asserted marks dating back to 2000 (the '250 Registration), 2009 (the '053 Registration), 2015 (the '061 Registration), or 2016 (the remaining asserted Registrations). However, during that time period, numerous third parties, including but not limited to Caitlin, have used a check design similar to one or more of the design marks to which Plaintiff claims exclusive rights on a multitude of goods, including but not limited to bedding, sheets, blankets, textiles, curtains, furniture, wallpaper, clothing, table linens, kitchen accessories, aprons, clothing, and pajamas. Plaintiff's acquiescence to this extensive third party use bars Plaintiff from asserting claims to exclusivity in these design marks against Caitlin.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

1

## THIRD AFFIRMATIVE DEFENSE

2

(Lack of Personal Jurisdiction)

3

This Court lacks personal jurisdiction over Defendant.

4

## FOURTH AFFIRMATIVE DEFENSE

5

(Estoppel)

6     Plaintiff's claims are barred by the doctrine of estoppel. Plaintiff has alleged priority

7   dates for its asserted marks dating back to 2000 (the '250 Registration), 2009 (the '053

8   Registration), 2015 (the '061 Registration), or 2016 (the remaining asserted Registrations).

9   However, during that time period, numerous third parties, including but not limited to Caitlin,

10  have used a check design similar to one or more of the design marks to which Plaintiff claims

11  exclusive rights on a multitude of goods, including but not limited to bedding, sheets, blankets,

12  textiles, curtains, furniture, wallpaper, clothing, table linens, kitchen accessories, aprons,

13  clothing, and pajamas. Third parties, including but not limited to Caitlin, have relied on

14  Plaintiff's policy of non-enforcement, and as a result, Plaintiff is estopped from asserting claims

15  to exclusivity in these design marks against Caitlin.

16

## FIFTH AFFIRMATIVE DEFENSE

17

(Laches)

18     Plaintiff's claims are barred by the doctrine of laches. Caitlin has been making,

19  advertising, selling, and distributing goods with a check design nationwide since at least as early

20  as 2015. For example, Caitlin has offered a check wallpaper since prior to 2015:

21



28

7

1

2

3

4

5

6

7



8       Caitlin has also offered pillows in a "Timeless Gingham" design, in various colors,

9   including blue and white, since prior to 2015:

10

11

12

13

14

15

16



17       Caitlin has also offered furniture in a check design since at least as early as 2016, for

18   example:

19

20

21

22

23

24

25

26

27

28



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

Plaintiff's action to enforce its alleged rights in its design marks is untimely in light of Caitlin's longstanding use of a check design on furniture, textiles, pillows and other goods, and is accordingly barred by the doctrine of laches.

### SIXTH AFFIRMATIVE DEFENSE

(No Damages)

Plaintiff's claims are barred in whole or in part to the extent it has suffered no damage.

### SEVENTH AFFIRMATIVE DEFENSE

(Failure to Function as Mark)

Plaintiff's claims are barred in whole or in part because Plaintiff's purported marks are not inherently distinctive and halve not acquired distinctiveness or secondary meaning so as to legally function as source identifiers under applicable United States law.

### EIGHTH AFFIRMATIVE DEFENSE

(Highly Diluted Marks)

Plaintiff's claims are barred in whole or in part because, upon information and belief, there are numerous third-party users of identical and/or similar or variant "gingham," "check" or "buffalo check" designs for a variety of goods and services in classes 20, 24, 25, and 35. Therefore, Plaintiff's purported marks are highly diluted, not distinctive, and unworthy of protection.

### NINTH AFFIRMATIVE DEFENSE

(Ornamental)

Plaintiff's claims are barred in whole or in part to the extent the purported marks consist of a nondistinctive repeating pattern that is purely ornamental and do not function as a trademark to indicate the source of Plaintiff's goods or to identify and distinguish them from others. Plaintiff's purported "repeating pattern" marks consist of a common patterns that have been in use with furniture, textiles, clothing, and in other decorative contexts for centuries, and are merely ornamental.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

## TENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion with respect to Plaintiff's alleged trademark(s) because they are not confusingly similar.

## ELEVENTH AFFIRMATIVE DEFENSE

### (No Likelihood of Confusion)

Plaintiff's claims are barred in whole or in part because there is no likelihood of confusion with respect to Plaintiff's alleged trademark(s) because they are offered through different channels of trade. Specifically, Hastens' goods and services are available only through its flagship stores in New York or select partner stores, whereas Caitlin's goods and services are available through its website and third party websites such as www.perigold.com.

## TWELFTH AFFIRMATIVE DEFENSE

### (No Bad Faith)

Plaintiff's claims are barred in whole or in part because Defendant has conducted itself at all times in good faith, with a reasonable belief that its actions did not constitute a violation or infringement of any other person or entity's rights.

## THIRTEENTH AFFIRMATIVE DEFENSE

### (Fraud on the Trademark Office)

One or more of Plaintiff's trademark registrations are invalid because they were obtained and/or renewed due to fraud on the United States Patent and Trademark Office, because on information and belief, Plaintiff falsely represented the asserted marks were in use and/or continuous use in U.S. commerce on all of the goods and services identified in the respective applications, declarations of continuous use and/or renewal applications.

## FOURTEENTH AFFIRMATIVE DEFENSE

### (Senior User)

Plaintiff's claims are barred, in whole or in part, because, upon information and belief, Caitlin's use of a check pattern in U.S. commerce preceded Plaintiff's priority dates for its

10

1   asserted marks. Caitlin has been making, advertising, selling, and distributing goods with a check

2   design nationwide since at least as early as 2015. For example, Caitlin has offered a Check

3   wallpaper since prior to 2015:



19   Caitlin has also offered pillows in a "Timeless Gingham" design, in various colors,

20   including blue and white, since prior to 2015:



28   Caitlin has also offered furniture in a check design since at least as early as 2016:

11



Plaintiff's action to enforce its alleged rights in its design marks is untimely in light of Caitlin's longstanding use of a check design on furniture, textiles, pillows and other goods, and is accordingly barred by the doctrine of laches.

## FIFTEENTH AFFIRMATIVE DEFENSE

### (Genericness)

One or more of Plaintiff's trademark registrations are invalid and subject to cancellation because they have either become generic or are generic *ab initio*.

To the extent Defendant may have other separate and/or additional defenses of which it is not aware, Defendant reserves the right to assert them by amendment to this Answer as discovery continues.

**WHEREFORE**, Defendant respectfully requests that the Complaint asserted against it be dismissed in its entirety and all relief requested therein be denied, and that the Court award Defendant such further relief as the Court deems just and proper.

## COUNTERCLAIMS

CAITLIN WILSON DESIGN, LLC ("Caitlin") alleges as follows against Counter-Defendant Hästens Sängar AB ("Hästens"):

## THE PARTIES

1.      Caitlin is a Texas limited liability company with a registered office at 6508 Colleyville Blvd., Suite 300, Colleyville, Texas 7603.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

2.      Upon information and belief, Hästens is corporation of Sweden with an address of record of Box 130, Koping, Sweden 73123.

### JURISDICTION

3.      This Court has jurisdiction over this counterclaim under 28 U.S.C. §§ 1331, 1337(a), 1338(a), because the counterclaim addresses federal questions concerning the federal Trademark Act of 1946, known as the Lanham Act, 15 U.S.C. §§ 1119 and 1121, and cancellation of a federal mark registrations pursuant to 15 U.S.C. § 1064.

### FACTUAL ALLEGATIONS

4.      Hästens owns U.S. Trademark Registration No. 2,648,250 (the "'250 Registration") for the mark depicted below:



5.      The '250 Registration lists the following goods and services: "Class 20: Furniture, namely beds, bedsteads and bedroom furniture; mirrors, bedroom mirrors, picture frames; bedding, namely, mattresses, spring mattresses, pillows and down pillows; Class 24: Textile products not included in other classes, namely bed covers and curtains of textile; bed linen, namely, sheets and pillow cases; down quilts, bed blankets."

6.      The '250 Registration does not claim rights in a repeating pattern of the Mark.

7.      Hästens also owns U.S. Trademark Registration No. 3,813,053 (the "'053 Registration") for the mark depicted below:



13

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

8.      The '053 Registration lists the following goods and services: "Class 20: Furniture, including beds, bedsteads and bedroom furniture; mirrors including bathroom mirrors; picture frames; mattresses, spring mattresses, pillows and down pillows; Class 24: Woven textiles, namely, sheets, towels, bed blankets; textile products not included in other classes, namely, bed spreads and curtains of textile; bed linen, bed clothes including blankets and pillow cases; down quilts."

9.      The '053 Registration is described as a "repeating pattern of four adjoining squares, one in the color white and three in different shades of the color blue."

10.     Hästens owns U.S. Trademark Registration No. 5,877,018 (the "'018 Registration") for the mark depicted below:



11.     The '018 Registration lists the following goods and services: "Furniture; Mattresses; Pillows; Beds in Class 20, Textile products, namely, bed  linen, sheets, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattress covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely,  pajamas; Footwear, namely, slippers, down socks in Class 25, and Marketing services; retail store services and providing consumer product information featuring beds, bed steads, bed frames, bedroom furniture, mattresses, spring mattresses, overlay mattresses, pillows, down pillows, bed linen, sheets, bed sets, pillow cases, duvet covers, bed covers, bedspreads, mattress covers, bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets, throws, down quilts, pajamas, nightgowns, bathrobes, slippers and down socks, nightcaps, sleep masks and soft toys in Class 35."

12.     The '018 Registration does not claim rights in a repeating pattern of the Mark.

13.     Hästens owns U.S. Trademark Registration No. 5,947,305 (the "'305 Registration") for the mark depicted below:

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1



14.     The '305 Registration lists the following goods and services: "Furniture; Mattresses; Pillows; Beds in Class 20, Textile products, namely, bed linen, sheets, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattress covers; bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets and throws; down quilts in Class 24, Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25, and Marketing services; retail store services and providing consumer product information featuring beds, bed steads, bed frames, bedroom furniture, mattresses, spring mattresses, overlay mattresses, pillows, down pillows, bed linen, sheets, bed sets, pillow cases, duvet covers, bed covers, bedspreads, mattress covers, bed valances, bed skirts, canopies, bedroom curtains, plaids, towels, quilts, blankets."

15.     The '250 Registration does not claim rights in a repeating pattern of the Mark.

16.     Hästens owns U.S. Trademark Registration No. 5,970,178 (the "'178 Registration") for the mark depicted below:



17.     The '178 Registration lists the following goods and services: "Furniture; Mattresses; Pillows; Beds in Class 20, Textile products, namely, bed linen, sheets, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattress covers; bed valances, bed skirts, plaids, towels, quilts, blankets and throws; down quilts in Class 24, and Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25."

18.     The filing date for the '178 Registration is December 22, 2016.

19.     The '178 Registration claims rights in a "repeating pattern of four adjoining squares applied to all or a portion of the surface of the identified goods or their packaging.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

20.     Hästens owns U.S. Trademark Registration No. 5,970,179 (the "'179 Registration") for the mark depicted below:



21.     The '179 Registration lists the following goods and services: "Furniture; Mattresses; Pillows; Beds in Class 20, Textile products, namely, bed linen, sheets, bed sets, pillow cases, duvet covers; bed covers; bedspreads; mattress covers; bed valances, bed skirts, plaids, towels, quilts, blankets and throws; down quilts in Class 24, and Clothes, namely, pajamas; Footwear, namely, slippers, down socks in Class 25."

22.     The filing date for the '179 Registration is December 22, 2016.

23.     The '179 Registration claims rights in a "repeating pattern of four adjoining squares applied to all or a portion of the surface of the identified goods or their packaging.

24.     Hästens owns U.S. Trademark Registration No. 5,950,959 (the "'959 Registration") for the mark depicted below:



25.     The '959 Registration lists the following goods and services: "Clothes, namely, nightgowns, bathrobes; Headgear, namely, night caps, sleep masks in Class 25."

26.     The '959 Registration does not claim rights in a repeating pattern of the Mark.

27.     Hästens owns U.S. Trademark Registration No. 6,064,837 (the "'837 Registration") for the mark depicted below:



28.     The '837 Registration lists the following goods and services: "Clothes, namely, nightgowns, bathrobes; Headgear, namely, night caps, sleep masks in Class 25."

16

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

29.     The '873 Registration does not claim rights in a repeating pattern of the Mark.

30.     Hästens owns U.S. Trademark Registration No. 6,072,194 (the "'194 Registration") for the mark depicted below:



31.     The '194 Registration lists the following goods and services: "Textile products, namely, canopies and bedroom curtains in Class 24."

32.     The filing date for the '194 Registration is December 22, 2016.

33.     The '194 Registration claims rights in a "repeating pattern of four adjoining squares applied to all or a portion of the surface of the identified goods or their packaging.

34.     Hästens owns U.S. Trademark Registration No 6,072,195 (the "'195 Registration") for the mark depicted below:



35.     The '195 Registration lists the following goods and services: "Textile products, namely, canopies and bedroom curtains in Class 24."

36.     The filing date for the '195 Registration is December 22, 2016.

37.     The '195 Registration claims rights in a "repeating pattern of four adjoining squares applied to all or a portion of the surface of the identified goods or their packaging.

38.     Hästens owns U.S. Trademark Registration No 5,700,061 (the "'061 Registration") for the mark depicted below:



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

39.     The '061 Registration lists the following goods and services: "beds; mattresses sold as a component of beds; spring mattresses sold as a component of beds in Class 20."

40.     The description of the Mark identified in the '061 Registration consists of a three-dimensional configuration of a bed having applied to it a repeating pattern of four adjoining squares, one in the color white and the other three in various shades of blue. The broken lines depicting the shape, top, and bottom of the mattress, the legs of the platform, and the supports on the corners indicate placement of the mark on the goods and are not part of the mark."

41.     Hästens's '250 Registration, '053 Registration, '018 Registration, '305 Registration, '178 Registration, '179 Registration, '959 Registration, '837 Registration, '194 Registration, '195 Registration, and '061 Registrations will be referred to collectively as the "Registrations."

42.     Hastens is not the senior user of the asserted marks referred to in the Registrations.

43.     Caitlin's use of a check pattern in U.S. commerce preceded Plaintiff's priority dates for its asserted marks.

44.     Caitlin has been making, advertising, selling, and distributing goods with a check design nationwide since at least as early as 2015.

45.     For example, Caitlin has offered a Buffalo Check wallpaper since prior to 2015:



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1



46.     Caitlin has also offered pillows in a "Timeless Gingham" design, in various

colors, including blue and white, since prior to 2015:



47.     Caitlin has also offered furniture in a check design since at least as early as 2016:



48.     Moreover, while the Registrations are premised on Hästens' claim to own

exclusive rights in the ornamental check pattern that is the subject of the Registrations, Hästens

cannot claim such exclusivity.

19

49.     Numerous entities are selling a variety of the goods listed in the Registrations featuring uses of check designs that are highly similar, if not virtually identical, to Hästens' claimed design.

50.     Upon information and belief, none of those entities has been licensed or otherwise authorized by Hästens to use such check designs.

51.     The similar check designs that are the subject of the Registrations have are common ornamental designs for goods related to bedroom furniture, bedding, mattresses, sheets, towels, bed spreads, and apparel.

52.     Upon information and belief, the check design or variants thereof is commonly used and understood by the trade and the consuming public in a generic manner in relation to the foregoing goods.

53.     Current examples of the common check pattern claimed as a mark by Hästens include the following:



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1



54.     Furthermore, check prints of the type allegedly trademarked by Plaintiff date back to the 17th Century.

55.     The check pattern to which Plaintiff claims exclusive rights may be known by various common names, including, "gingham," "check," "buffalo check," or "windowpane plaid."

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

1    56.    The Merriam-Webster dictionary notes that "gingham" is "a clothing fabric

2 usually of yarn-dyed cotton in plain weave" and notes that its first known use occurred in 1615.

3 The history of the classic gingham check design is widely documented. *See, e.g.*

4 https://visforvintage.net/2012/09/11/gingham-fabric/.

5    57.    Dictionary.com displays images of "gingham" that are identical to the design

6 claimed by Plaintiff (described by Plaintiff as consisting of a "repeating pattern of four adjoining

7 squares") as follows:



21    58.    "Buffalo check" is known as a plaid with large blocks formed by the intersection

22 of two different color yarns. http://www.tartansauthority.com/tartan/tartan-today/buffalo-

23 plaid/#:~:text=Officially%2C%20Buffalo%20Plaid%20or%20check,on%20a%20minute%20.%2

24 0.%20.%20. While it is traditionally red and black, today it is found in multiple color

25 combinations, for example, black and white:

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1



59.     According to the interior design blog excerpted above, "buffalo check," which dates back to 1850, "has become one of the hottest trending items."

60.     Indeed, check designs, including blue and white check, are ubiquitous in home goods and clothing designs, as well as in in popular culture—including being featured on the iconic costuming of such famous characters as Marianne in Gilligan's Island in the 1960s and Dorothy in The Wizard of Oz in the 1930s:





61.     Therefore, the marks that are the subject of the Registrations cannot identify or distinguish Hästens' goods from those of other providers of such goods, and are therefore generic.

62.     The marks that are the subject of the Registrations do not distinguish the goods of Hästens and are instead, generic, nondistinctive, and merely ornamental.

63.     Upon information and belief, there are numerous third-party users, unaffiliated with and unlicensed by Hästens, of similar or variant check designs for bedroom furniture, bedding, mattresses, sheets, towels, bed spreads, and apparel. Therefore, the marks that are the subject of the Registrations are highly diluted, not distinctive, solely ornamental and not susceptible of acting as an indicator of source, and consequently not subject to federal trademark protection.

64.     Hästens cannot claim exclusive rights to use a check design on or in connection with the goods and services listed in the Registrations.

65.     Hästens has failed to police or otherwise seek to enforce its alleged marks against unauthorized third party uses of a check design on or in connection with the goods or services listed in the Registrations. As such, Hästens has ratified and/or acquiesced in such unauthorized third party uses.

66.     Accordingly, the Registrations are highly diluted, nondistinctive, decorative/ornamental and thus, generic not susceptible to federal trademark protection.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

**FIRST COUNTERCLAIM**

**DECLARATORY JUDGMENT AS TO NON-INFRINGEMENT AND**

**UNENFORCEABILITY**

67.     Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

68.     Hästens alleged, *inter alia*, that Caitlin's use of check designs would be and is an infringement of Hästens' claimed trademark rights and the Registrations.

69.     Infringement of a registered trademark is actionable under the Lanham Act, 15 U.S.C. § 1114(1), which permits a registrant to commence a civil action in U.S. District Court to obtain, *inter alia*, injunctive relief to prevent violation of any such rights, 15 U.S.C. § 1116; and monetary relief including profits attributable to the infringement, *Id*. at § 1117.

70.     Hästens' allegations constitute a clear, unambiguous claim that Caitlin's use of check designs is an infringement of Hästens' claimed trademark and common law rights, and that Caitlin must meet Hästens' demands or be faced with continued litigation.

71.     Caitlin has denied that its good faith use of check designs does or will create any likelihood of confusion with Hästens or its products or services.

72.     The unreasonable demands of Hästens are intended to disrupt Caitlin's lawful business, thereby requiring an adjudication of the rights of the parties in the dispute identified herein, before Caitlin suffers further damage.

73.     An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Hästens' claimed trademark rights, and the respective rights of the parties.  *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P. 57.

74.     Caitlin's use of check designs will not cause consumer confusion, does not infringe upon any registered trademark owned by Hästens, including but not limited to the Registrations, does not constitute unfair competition, and does not dilute any trademarks owned by Hästens.

75.     Caitlin has no adequate remedy at law and therefore seeks declaratory relief as set forth herein.

2470421v.1

1

## **SECOND COUNTERCLAIM**

2

## **DECLARATORY JUDGMENT OF NO LIABILITY AS TO '250 AND '053**

3

## **REGISTRATIONS**

4         76.    Caitlin restates and realleges each of the foregoing paragraphs of the

5    Counterclaims inclusive, as if fully set forth herein.

6         77.    Plaintiff, through counsel, applied to register the mark, U.S. Application Serial

7    No. 76153635 ("the '250 Mark")

8

9

10                                        

11

12        78.    Plaintiff's '250 Mark is not described as a repeating pattern, and as such, must be

13   treated as a standalone logo.

14        79.    Plaintiff, through counsel, applied to register the mark, U.S. Application Serial

15   No. 77765085 ("the '052 Mark"), described as follows: "a repeating pattern of four adjoining

16   squares, one in the color white and three in different shades of the color blue."

17

18                                        

19

20        80.    Plaintiff's '053 Mark, if depicted as set forth in the official drawing, arranged as a

21   "repeating pattern," as set forth in the description of the '053 Mark, appears as follows:

22

23

24                                        

25

26

27

28

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

81.     Plaintiff alleges that the Caitlin has been and is still manufacturing, producing, marketing, advertising, offering for sale and/or selling products, such as pillows, fabrics, wallpaper, upholstery and other textile products, featuring a check pattern identical and/or confusingly similar to one or more of the Hästens Design Marks, including, by way of example:

 

82.     Caitlin's allegedly infringing products do not display an appearance that is confusingly similar to either the '250 logo mark, or the '053 repeating pattern mark,





83.     Caitlin's goods do not bear spurious marks which are identical with or substantially indistinguishable from Plaintiff's '250 Registration or '053 Registration.

84.     Wherefore, Caitlin is entitled to a declaration that its use of a check pattern does not infringe on the rights of Plaintiff with respect to the '250 Registration or '053 Registration,

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

does not constitute counterfeiting, infringement, false designation of origin, or unfair competition under either state or federal law.

## THIRD COUNTERCLAIM

## DECLARATORY JUDGMENT OF NO LIABILITY AS TO '061 REGISTRATION

85.     Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

86.     Plaintiff, through counsel, applied for the '061 Registration, represented as follows:



87.     The '061 Registration, claimed in the USPTO, "consists of a three-dimensional configuration of a bed having applied to it a repeating pattern of four adjoining squares, one in the color white and the other three in various shades of blue. The broken lines depicting the shape, top, and bottom of the mattress, the legs of the platform, and the supports on the corners indicate placement of the mark on the goods and are not part of the mark."

88.     Caitlin's use of a check design on furniture, textiles, home décor and other goods is not likely to cause confusion with Plaintiff's '061 Registration because the '061 Registration consists of "a three-dimensional configuration of a bed" with a check pattern.

89.     Caitlin is not alleged to be using any mark or design consisting of a "three-dimentional configuration of a bed."

90.     Wherefore, Caitlin is entitled to a declaration that its use of a check pattern does not infringe on the rights of Plaintiff with respect to the '061 Registration, does not constitute counterfeiting, infringement, false designation of origin, or unfair competition under either state or federal law.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

**FOURTH COUNTERCLAIM**

**DECLARATORY JUDGMENT OF NO LIABILITY AS TO '018, '959, '405, AND '837 REGISTRATIONS**

91.     Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

92.     The '018, '959, '405, and '837 Registrations each relate to a design mark described as "a square composed of four smaller squares."

93.     The '018 and '959 Registrations claim the colors blue and white as a feature of the mark, while color is not claimed as a feature of the mark for the '405 and '837 Registrations.

94.     Neither the '018, '959, '405, nor '837 Registration is a "repeating pattern" mark. Rather, each mark constitutes a standalone logo.

95.     That each of these marks is a standalone logo, rather than a repeating pattern mark, is established in the prosecution history for each of these marks, and is illustrated by the specimens of use submitted by Plaintiff in support of each Registration.

96.     For example, the '018 and '305 Registration (which are the same designs, except one claims color and the other does not) are shown as follows in the relevant specimens:



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28





DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1



97.     Likewise, the '959 and '837 Registrations (which are the same designs, one claiming color and the other not, but in a different class from the '018 and '305 Registrations) can be seen in the following example:



DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

98.   Caitlin's allegedly infringing products do not display an appearance that is confusingly similar to the standalone logo marks as depicted in the 018, '959, '405, and '837 Registrations.

99.   Caitlin's goods do not bear spurious marks which are identical with, or substantially indistinguishable from, the standalone logo marks as depicted in the '018, '959, '405, and '837 Registrations.

100.   Wherefore, Caitlin is entitled to a declaration that its use of a check pattern does not infringe on the rights of Plaintiff with respect to the '018, '959, '405, and '837 Registrations, does not constitute counterfeiting, infringement, false designation of origin, or unfair competition under either state or federal law.

## FIFTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF NO LIABILITY AS TO THE '178, '179 '194, AND '195 REGISTRATIONS

## (Priority)

101.   Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

102.   As to each of the '178, '179, '194, and '195 Registrations, on information and belief, Caitlin's use of a check pattern on goods in classes 20 and 24 predates the priority dates of these Registrations.

103.   For example, Caitlin has offered a Buffalo Check wallpaper since prior to 2015.

104.   Caitlin has also offered pillows in a "Timeless Gingham" design, in various colors, including blue and white, since prior to 2015.

105.   As a result, Plaintiff cannot enforce a right to exclusive use of the claimed repeating pattern marks described in the '178, '179, '194, and '195 Registrations against Caitlin.

106.   Wherefore, Caitlin is entitled to a declaration that its use of a check pattern does not infringe on the rights of Plaintiff with respect to the '178, '179, '194, and '195 Registrations, does not constitute counterfeiting, infringement, false designation of origin, or unfair competition under either state or federal law.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS

2470421v.1

**SIXTH COUNTERCLAIM**

**DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND**

**CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 and § 1119**

107.    Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

108.    In any action involving a registered mark, the Court may determine the right to registration. *See* 15 U.S.C. § 1119

109.    The design marks asserted by Hästens are common, basic designs.

110.    The design marks asserted by Hästens are not unique or unusual in Hästens' fields of goods and services.

111.    The design marks are no more than a commonly-adopted and well-known form of ornamentation in the classes of goods and services identified by Hästens, and is viewed as such by the public.

112.    Accordingly, the design marks that Hästens seeks to enforce in this action are not inherently distinctive and are merely ornamental.

113.    Further, the design marks that Hästens seeks to enforce have not acquired distinctiveness or secondary meaning.

114.    In order to achieve a secondary meaning for asserted marks, there must be a substantial association of the marks at issue as denoting the identified goods and services.

115.    There is insufficient use by Hastens of the asserted marks in the United States in association with each of the identified goods and services, to have established secondary meaning in the asserted marks.

116.    Moreover, the absence of any secondary meaning residing in Hästens is further shown because of widespread, extensive use of the asserted marks by numerous third parties in the United States, for over a hundred years preceding and coinciding with the period of time Hastens claims to have used the asserted marks.

117.    Such concurrent usage precludes Hästens from acquiring a secondary meaning.

2470421v.1

118.    Because Hästens had not acquired any secondary meaning for the asserted marks, the USPTO could not have validly registered the mark at issue.

119.    As a result of the foregoing, the design marks that Hästens seeks to enforce do not function as trademarks, i.e., as an indication of the source Hastens' goods and services, and must be cancelled pursuant to 15 U.S.C. § 1064 and § 1119.

120.    Caitlin will be damaged if the so-called "Hästens Design Marks" are not cancelled because Hasten claims to possess exclusive rights to use traditional ornamental designs, namely, a two color check pattern often referred to as "gingham" or "buffalo check," that have been in use in furniture, textiles, clothing, and household goods for centuries by third parties, including Caitlin.

121.    Hästens' conduct and threats as complained of herein have caused, and will continue to cause, injury to Caitlin.

122.    Pursuant to 15 U.S.C. § 1064 and § 1119, each of Hästens' Registrations should therefore be declared invalid and ordered cancelled.

123.    An actual case or controversy therefore exists within the Court's jurisdiction, concerning the validity of Hästens' claimed trademark rights, and the respective rights of the parties. *See* 28 U.S.C. §§ 2201, 2202; Fed. R. Civ. P 57.

124.    Caitlin has no adequate remedy at law and therefore seeks declaratory relief against Hästens as set forth herein.

## SEVENTH COUNTERCLAIM

## DECLARATORY JUDGMENT OF TRADEMARK INVALIDITY AND

## CANCELLATION OF TRADEMARKS PURSUANT TO 15 U.S.C. § 1064 and § 1119

## (Lack of Use)

125.    Caitlin restates and realleges each of the foregoing paragraphs of the Counterclaims inclusive, as if fully set forth herein.

126.    In any action involving a registered mark, the Court may determine the right to registration. *See* 15 U.S.C. § 1119.

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

127.   Hästens has obtained multiple U.S. trademark registrations in the USPTO for certain identified goods and services in classes 20, 24, 25, and 35.

128.   Hästens has submitted declarations attesting to use in United States commerce of the asserted marks in connection with the identified goods and services to the USPTO.

129.   Hästens has not used each of the asserted marks in connection with the identified goods and services in United States commerce as set forth in its various applications, declarations of continuous use, applications for renewals and other submissions to the USPTO.

130.   Due to the lack of bona fide use in commerce in connection with particular identified goods and services, Hästens marks must be declared invalid and cancelled pursuant to 15 U.S.C. § 1064 and § 1119.

131.   Caitlin will be damaged if the so-called "Hästens Design Marks" are not cancelled because Hästens claims to possess exclusive rights to use traditional ornamental designs, namely, a two color check pattern often referred to as "gingham" or "buffalo check," that have been in use in furniture, textiles, clothing, and household goods for centuries by third parties, including Caitlin.

132.   Hästens' conduct and threats as complained of herein have caused, and will continue to cause, injury to Caitlin.

133.   Pursuant to 15 U.S.C. § 1064 and § 1119, each of Hästens' Registrations should therefore be declared invalid and ordered cancelled.

## PRAYER FOR RELIEF

**WHEREFORE**, Caitlin requests relief as follows:

A Declaration of Caitlin's lawful rights to use a check design in any color combination without complaint or further interference from Hästens;

A Declaration that Caitlin's past and current use of check designs in any color combination does not infringe upon Hästens' Registrations or other trademark rights;

A Declaration that Caitlin's use of check designs does not create a likelihood of consumer confusion with Hästens' registered trademarks or with any common law rights of Hästens;

DEFENDANT CAITLIN WILSON DESIGN, LLC'S  ANSWER AND COUNTERCLAIMS
2470421v.1

1    An Order pursuant to 15 U.S.C. § 1064 and § 1119 to rectify the Principal Register of the

2  United States Patent and Trademark Office canceling each of Hästens' asserted Registrations,

3  and certification of such Order to the Director, who shall make appropriate entry upon the

4  records of said Office;

5    A Declaration that this is an "exceptional case" and an award of Caitlin's attorneys' fees

6  and costs under 15 U.S.C. § 1117; and,

7    Such other and further relief as this Court shall deem necessary and appropriate.

8                                   <u>**JURY DEMAND**</u>

9    Caitlin/Defendant demands a trial by jury of all causes of action as to which the law

10 entitles it to a trial by jury.

11 Dated:  September 2, 2020

12                                              Respectfully submitted,

13                                              WILSON, ELSER, MOSKOWITZ,
                                               EDELMAN & DICKER LLP
14

15                                       By: <u>*/s/ Francis Torrence*</u>
16                                          Francis Torrence
                                            Jura C. Zibas
17                                          Attorneys for Defendant
                                            CAITLIN WILSON DESIGN
18

19

20

21

22

23

24

25

26

27

28

2470421v.1